```
              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

VIVIAN JAMES                                              PLAINTIFF

VERSUS                          CIVIL ACTION NO: 5:10-CV-116-DCB-JMR

DIAMOND JACKS CASINO
RESORT                                                    DEFENDANT

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motions to Remand [docket entry nos. 6, 11, and 14].  Having carefully considered the Motions, the responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

The Plaintiff, Vivan James, originally filed this matter in the Circuit court of Warren, County, Mississippi, on June 8, 2009. James asserts tort claims against Legends Gaming of Mississippi, LLC d/b/a Diamondjacks Casino & Hotel[1] of Vicksburg, Mississippi("Diamondjacks"), because she was injured after walking into a sign at the casino, falling and injuring her shoulder which required surgery.  James seeks an unspecified amount of compensatory damages for medical expenses and pain and suffering plus an additional award of punitive damages, attorneys fees, and costs.  Diamondjacks noticed the removal of the case to this Court on July 2, 2010 [docket entry no. 1] because it and James are

---

[1]Though James refers to the Defendant as "Diamond Jacks Casino Resort" in the complaint, the Defendant states that its correct name is as noted.

citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1441 and 1446.  With regard to the amount in controversy, Diamondjacks argues that it was facially apparent from the complaint that James seeks more than $75,000 in combined compensatory and punitive damages.  James then filed the instant Motion to Remand which includes a stipulation that "the matter in dispute herein does not, and at the time this case was removed from the state court did not, exceed the sum of $75,000.00, exclusive of interest and costs, but inclusive of punitive damages."  James also attached an affidavit from her attorney to that same effect.  In response, Diamondjacks states that it has no objection to remand, provided this Court directs the Plaintiff that she shall seek no more than $75,000 in this action on remand and that if awarded more than $75,000, she will not accept the overage.

In an order dated November 10, 2010, this Court deferred ruling on the Motion to Remand, because James did not avow that she would not seek or accept more than $75,000 and thus did not established to a legal certainty that her claims were for less than the jurisdictional amount.  See, e.g., Blaylock, 228 F.Supp.2d 782, 785-86 (S.D. Miss. 2002)(holding plaintiff defeated removal by attaching affidavit that plaintiff did not intend to seek damages in excess of the jurisdictional minimum and would not accept a judgment or settlement in excess of that amount); Morgan v. Am. General Int'l Group, 2005 WL 1595672, *2 (S.D. Miss. July 6, 2005)

(holding plaintiffs defeated removal by entering into "unequivocal binding stipulation that no Plaintiff will ever in the future seek or accept more than the jurisdictional amount").  The Court then directed the plaintiff on the form and content of a binding stipulation that would be effective under Fifth Circuit precedent to establish to a legal certainty that the Plaintiff's claims were for less than the jurisdictional amount.

The Plaintiff then submitted such a stipulation signed by her attorney but not by the plaintiff herself [docket entry no. 11].  Because the stipulation must be signed by the plaintiff herself, the Court again deferred ruling on the Motion to Remand and in an Order dated March 8, 2011, directed the Plaintiff to file the described stipulation [docket entry no. 12].  Having heard nothing from the Plaintiff for more than two months, on May 25, 2011, this Court ordered the Plaintiff to show cause why the Motion to Remand should not be denied [docket entry no. 13].  On June 3, the Plaintiff finally complied with this Court's orders and filed an affidavit signed by herself that establishes to a legal certainty that her claims are for less than $75,000.  Blaylock, 228 F.Supp.2d at 785-86; Morgan, 2005 WL 1595672 at *2.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Remand [docket entry nos. 6, 11, and 14] are **GRANTED**.  An Order of Remand will issue separately.

**SO ORDERED**, this the 15th day of June, 2011.

<u>s/ David Bramlette</u>

**UNITED STATES DISTRICT JUDGE**
